IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHAKARA MERRILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON MARK, LLC, MIDLAND FUNDING, LLC, and JOHN DOES 1-25,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:19-cv-18-DB<br><br>District Judge Dee Benson |

Before the court are two motions: a Motion to Dismiss filed by Defendant Midland Funding, LLC (Dkt. No. 20) and a Motion for Judgment on the Pleadings filed by Defendant Johnson Mark, LLC. (Dkt. No. 23.) The Motions have been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Facts

This is a Fair Debt Collections Practices Act ("FDCPA") action arising from Defendants' efforts to collect an outstanding debt owed by Plaintiff. Some time prior to January 9, 2018, Plaintiff incurred a credit card debt with Credit One Bank, N.A. ("Credit One") (Complaint, Dkt. No. 2, ¶¶ 23, 24.) Credit One later sold or assigned the debt to Defendant Midland Funding, LLC ("Midland"). (*Id.* ¶ 27.) Midland then contracted with Defendant Johnson Mark, LLC ("Johnson Mark") to collect the debt. (*Id.* ¶ 28.)

In a letter dated January 9, 2018, Johnson Mark wrote to Plaintiff in an attempt to collect on the Credit One debt that had been assigned to Midland. (*Id.* ¶ 30, Dkt. No. 20-1.) The letter explained that Johnson Mark had been retained to collect the debt and identified the original creditor as Credit One. (*Id.*) At the top of the letter, the "Account Balance" and "Total Amount Due" were each identified as $572.54. (*Id.* ¶ 31.)

The letter invited Plaintiff to pay the debt or contact Johnson Mark for payment arrangements. (Dkt. No. 20-1.) It stated that if Plaintiff failed to pay the debt, Midland may be entitled to file a lawsuit or take further action to collect the debt. (*Id.*) The letter also notified Plaintiff of her right to seek verification of the debt as follows:

> Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by our office. If you do dispute it by notifying our firm in writing to that effect, we will, as required by law, obtain and mail to you verification of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

(*Id.*) The letter further stated that the law firm would suspend collection efforts during the thirty-day verification period. (*Id.*)

The last paragraph of the letter stated: "As of the date of this letter, you owe the Total Amount Due shown above. For a current Total Amount Due, mail us a request or call…." (*Id.*, Complaint ¶ 33.)

On the basis of the letter, Plaintiff filed a putative class action against Midland and Johnson Mark, alleging a violation of the FDCPA. Defendants then filed a Motion to Dismiss and Motion for Judgment on the Pleadings, respectively.

Analysis

Plaintiff argues that the letter violated the FDCPA in two ways: 1) by inviting Plaintiff to contact the law firm for her current amount due, the letter falsely implied that interest and/or fees were being added to the total balance; and 2) by omitting the statutory language that Plaintiff has a right to a copy of the judgment against her, the letter failed to comply with the statutory requirements for such a notice, pursuant to 15 U.S.C. § 1692g(a).

With respect to Plaintiff's first contention, the court finds that Plaintiff has failed to plead a false representation in violation of the FDCPA. Section 1692 of the FDCPA generally prohibits the use of false representations in connection with the collection of any debt. Section 1692e (2)(A) specifically prohibits the false representation of the amount of the debt. Section 1692e (10) prohibits the use of false representations to collect a debt or obtain information about a consumer. Section 1692(f) provides that a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692(f).

Defendants' letter did not falsely represent the nature or amount of Plaintiff's debt. The letter identified the "Account Balance" and "Total Amount Due" as $572.54. The letter did not threaten that interest or fees may be or were being added to that amount. Nor did Defendants' invitation to contact the firm for a current amount due falsely imply that interest and fees would be added. Rather, the statement merely alerted Plaintiff that the amount due was accurate as of the date of the letter. Accordingly, Plaintiff has failed to plead a false representation in violation of the FDCPA.

Second, Plaintiff argued that the letter did not comply with the statutory requirements for a notice under FDCPA. Among other requirements, the FDCPA requires a notice to a consumer regarding a debt to include "a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]" 15 U.S.C. § 1692g(a)(4).

The letter to Plaintiff included the information set forth in Section 1692g, except that the letter did not include the phrase "or a copy of the judgment against the consumer[.]" *Id.* Plaintiff argues that the omission constitutes an informational injury under the FDCPA. While the FDCPA sets forth the notice requirements, it does not require "that the debt collector quote the statute's language verbatim." *Molkandow v. Maury Cobb Attorney at Law, LLC*, No. 18-CV-0891-WJM-STV, 2019 WL 549440, at *3 (D. Colo. Feb. 12, 2019).

Here, Defendants' notice complied with the requirements set forth in Section 1692g. Plaintiff did not allege that there was a judgment against her, so any language regarding a judgment would have been inapplicable and possibly misleading. Furthermore, as a whole, the letter conveys the information required by §1692g. Accordingly, Plaintiff's allegations regarding an informational injury are unfounded.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 20) and Motion for Judgment on the Pleadings (Dkt. No. 23) are GRANTED.

DATED this 5th day of June, 2019.

BY THE COURT:

_____
Dee Benson
United States District Judge